*cc: dae*

ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1080
Facsimile:   (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*ORIGINAL*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 29 2011

at 8 o'clock and 50 min. A M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CIVIL ACTION NO. **CV11 00592 DAE KSC** |
| Plaintiff, | ) **COMPLAINT** ; SUMMONS<br>) IN A CIVIL ACTION |
| v. | ) |
| HAWAIIAN ELECTRIC COMPANY, INC., | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Patrick Obado who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 11 below, Hawaiian Electric Company, Inc. refused to hire Mr. Obado for a meter reader position because of his

disability (monocular vision) and used a qualification standard that screened him out because of that disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Hawaiian Electric Company, Inc. ("Defendant Employer"), has continuously been a Hawaiian corporation doing

business in the State of Hawaii and the City of Honolulu, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>**STATEMENT OF CLAIMS**</u>

7.     More than thirty days prior to the institution of this lawsuit, Charging Party Patrick Obado filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     On or about April 30, 2010, Defendant Employer engaged in unlawful employment practices at its Honolulu, Hawaii, facilities in violation of Sections 102(a) and (b)(6) of Title I of the ADA, 42 U.S.C. 12112(a) and (b)(6).

a.     Charging Party Patrick Obado is a qualified individual with a disability as defined by the ADA.   Specifically, Charging Party Patrick

Obado has a physical impairment, monocular vision, which substantially limits him in the major life activity of seeing.

      b.    Charging Party Patrick Obado applied for an available position as a Meter Reader with Defendant Employer. Charging Party Patrick Obado was qualified for the position as he met all of the minimum requirements for the position which were posted by Defendant Employer.

      c.    On or about April 30, 2010, Defendant Employer notified Charging Party Patrick Obado that it would not hire Charging Party for the position of meter reader because of his disability (monocular vision).

      d.    On or about April 30, 2010, Defendant Employer applied its Physical Requirement Assessment qualification standard to Charging Party Patrick Obado's application. The Physical Requirement Assessment qualification standard screened out Charging Party Patrick Obado because of his disability (monocular vision). As applied to Charging Party Patrick Obado, the Physical Requirement Assessment qualification standard was not related to the job of Meter Reader and was not a business necessity for Defendant Employer because the Meter Reader position does not require frequent use of depth perception and full field of vision.

      9.    The effect of the practices complained of in paragraph 8 above has been to deprive Charging Party Patrick Obado of equal employment opportunities

and otherwise adversely affect his status as an applicant for employment because of his disability (monocular vision).

10.    The unlawful employment practices complained of in paragraph 8 above were intentional.

11.    The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Patrick Obado.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from unlawfully discriminating against individuals with disabilities in the hiring of meter reader positions or applying qualification standards that are not job related or a business necessity that tend to screen out applicants with disabilities.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Charging Party Patrick Obado, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place hiring of Charging Party Patrick Obado.

F.     Order Defendant Employer to make whole Charging Party Patrick Obado by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

G.     Order Defendant Employer to make whole Charging Party Patrick Obado by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.     Order Defendant Employer to pay Charging Party Patrick Obado punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

J.     Award the Commission its costs of this action.